UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DESIREE A. JOHNSON | CIVIL ACTION |
| VERSUS | NO. 11-1641 |
| BANK OF AMERICA, N.A.,<br>BAC HOME LOAN SERVING, LP,<br>AND LIBERTY BANK AND TRUST<br>COMPANY | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court is the " **Motion to Dismiss based on Res Judicata**" (Rec. Doc. 14), filed by Defendants Bank of America, N.A., and BAC Home Loans Servicing, L.P ("Defendants"). This motion is opposed by Plaintiff, Desiree A. Johnson ("Plaintiff"). (*See* Rec. Doc. 17). After considering the memoranda filed by the parties, the Court rules as set forth herein.

**I.   BACKGROUND**

This litigation arises out of Bank of America's foreclosure of Plaintiff's property located at 3300 Elysian Fields Avenue in New Orleans, Louisiana. On July 9, 2010, Plaintiff, through counsel, filed an action in this Court styled *Desiree Johnson v. Bank of America, N.A., BAC Home Loan Serving, LP, Graham & Arceneaux, PLC, Louis Graham Arceneaux, ABC Insurance*

*Company, and XYZ Insurance Company*, No. 2:10-cv-01943 (the "Prior Action"). Defendants moved to dismiss the claims asserted against them in the Prior Action pursuant to Rules 12(b)(1), 12(b)(6), and 56. (Prior Action, Rec. Doc. 21). The Court established an expedited briefing schedule. (Prior Action, Rec. Doc. 25). However, Plaintiff failed to file any timely opposition to Defendant's Motion to Dismiss. (*See* Prior Action, Rec. Doc. 29). Plaintiff filed an untimely opposition two days prior to the hearing date on Defendant's Motion to Dismiss, and the opposition was stricken from the record. (Prior Action, Rec. Doc. 29). Plaintiff was instructed to request leave of Court to file the opposition and provide good cause for its untimeliness, but failed to do so. (*See* Prior Action, Rec. Doc. 29). The Court granted Defendant's Motion to Dismiss by Order dated January 31, 2011. (Prior Action, Rec. Doc. 30). In that Order, the Court stated that any Motion for Reconsideration of the Order should "be filed within ten days of the date this Order is entered by the Clerk of Court." (Prior Action, Rec. Doc. 30). When no motion for reconsideration was filed, the Court entered Judgment dismissing Plaintiff's complaint with prejudice on February 22, 2011. (Prior Action, Rec. Doc. 31).

On or about July 12, 2011, Plaintiff, now proceeding pro se, filed this lawsuit, asserting claims related to her note and mortgage and the foreclosure, seizure and sale of her house. (Rec. Doc. 1).

## II.   ARGUMENTS OF THE PARTIES

Defendants assert that Plaintiff's claims in the current suit are barred by res judicata based on the Judgment entered in the Prior Action. Plaintiff's opposition does not make any substantive response to Defendants' argument regarding res judicata. Rather, Plaintiff, proceeding pro se, states her grounds for her underlying claim, arguing that Defendants did not

have standing to foreclose on her property.

**III.     DISCUSSION**

    **A.     Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* --- U.S. ---, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (internal citations and quotations omitted) (emphasis added); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)

*(quoting Twombly,* 127 S. Ct. at 1974)).[1] In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 127 S. Ct. at 1965.[2] The degree of required specificity depends on context, *i.e.* the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations support relief on any possible theory" of recovery. *Indest v. Freeman*

---

[1] Relative to the notice pleading standard, the *Twombly* Court further explained:

> The dissent greatly oversimplifies matters by suggesting that the Federal Rules somehow dispensed with the pleading of facts altogether. *See post,* at 1979 (opinion of STEVENS, J.) (pleading standard of Federal Rules "does not require, or even invite, the pleading of facts"). While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *See* 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

*Twombly,* 127 S. Ct. at 1964-65 n 3.

[2] The Third Circuit Court of Appeals recently described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly,* 127 S. Ct. at 1965, 1974).

*Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted).³ In making this

---

³        In *Twombly*, the Supreme Court also took the opportunity to clarify the frequently quoted principle that a Rule 12(b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. at 998 (internal citations omitted). Specifically, the Supreme Court stated:

> [In *Conley v. Gibson*, 355 U.S. 41,45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957),] Justice Black's opinion for the Court [] spoke not only of the need for fair notice of the grounds for entitlement to relief but of the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [] On such a focused and literal reading of *Conley's* "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of [undisclosed] facts" to support recovery.
>
> * * *
>
> Seeing this, a good many judges and commentators have balked at taking the literal terms of the *Conley* passage as a pleading standard. See, *e.g., Car Carriers* [*v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)] ("*Conley* has never been interpreted literally") and, "[i]n practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory" (internal quotation marks omitted; emphasis and omission in original); *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1155 (9th1989) (tension between *Conley's* "no set of facts" language and its acknowledgment that a plaintiff must provide the "grounds" on which his claim rests); *O'Brien v. DiGrazia,* 544 F.2d 543, 546, n. 3 (1st Cir. 1976) ("[W]hen a plaintiff . . . supplies facts to support his claim, we do not think that *Conley* imposes a duty on the courts to conjure up unpleaded facts that might turn a frivolous claim of unconstitutional . . . action into a substantial one"); *McGregor v. Industrial Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir. 1988) (quoting *O'Brien's* analysis); Hazard, From Whom No Secrets Are Hid, 76 Tex. L. Rev. 1665, 1685 (1998) (describing *Conley* as having "turned Rule 8 on its head"); Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 Colum. L.Rev.433, 463-465 (1986) (noting tension

determination, the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159, 106 S. Ct. 2279 (1986).  Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001).  Finally, to the extent that the complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to

---

between *Conley* and subsequent understandings of Rule 8).

> We could go on, but there is no need to pile up further citations to show that *Conley's* "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *See Sanjuan* [*v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994), *cert. denied* 516 U.S.1159, 116 S. Ct. 1044 (1996)] (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"); *accord*, *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. 992;  *National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 256, 114 S. Ct. 798, 127 L. Ed.2d 99 (1994); *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 249-250, 109 S. Ct. 2893, 106 L. Ed.2d 195 (1989);  *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed.2d 59 (1984). *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.[]

*Twombly,* 127 S. Ct. at 1968-69 & n. 8.

Rule 12(e), is appropriate. *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. 998.

**B.     Analysis**

Res judicata encompasses two distinct but related doctrines: claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Test Masters Educational Services, Inc. V. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Claim preclusion, true res judicata, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters*, 428 F.3d at 571 (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.1999))). In order to demonstrate that a plaintiff's claims are barred by res judicata, a defendant must show that "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* (citation omitted).

Here, the first two prongs of the test are clearly met. The parties involved in both cases, as are pertinent to this motion, are identical; the plaintiff in both actions is Desiree Johnson, and Bank of America, N.A. and BAC Home Loan Serving, LP are Defendants in both actions. Further, this Court had federal question jurisdiction over the prior action under Section 1331 of Title 28 of the United States Code, as alleged in Plaintiff's complaint in the prior action. Plaintiff asserted several claims based on federal law, as well as related state law claims, which this Court has jurisdiction over pursuant to Section 1367 of Title 28 of the United States Code.

The prior action was dismissed after the Court granted Defendant's unopposed Motion for Summary Judgment. (Prior Action, Rec. Doc. 30). The Court stated, in its Order granting

Defendant's Motion for Summary Judgment, that any motion for reconsideration of the order need be filed within ten days of the date of the order. (*Id.*) No motion for reconsideration was filed within the allotted time, and the Court subsequently issued a Judgment dismissing Plaintiff's complaint with prejudice. (Prior Action, Rec. Doc. 31). In *Brooks v. Raymond Dugat Co. L C*, the United States Court of Appeals for the Fifth Circuit stated that "[a] dismissal with prejudice is a final judgment on the merits." 336 F.3d 360, 362 (*citing Schwarz v. Folloder*, 767 F.2d 125, 129-130 (5th Cir. 1985)). The Fifth Circuit earlier explained that "[d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendant, by court or jury, can rise no higher than this." *Schwarz*, 767 F.2d at 129. Thus, the Court's Judgment dismissing the case with prejudice was a final judgment on the merits, satisfying the third prong of the test.

In order to determine whether the case involves the same claim or cause of action as the prior case, the Fifth Circuit uses the transactional test, under which "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Cuauhtli v. Chase Home Finance LLC*, 308 F.App'x. 772, 774 (5th Cir. 2009). Applying this test in *Cuauhtli v. Chase home Finance LLC*, 308 F.App'x. at 774, the Fifth Circuit found that a suit brought by a foreclosed homeowner and a subsequent suit brought by her husband asserting different legal theories of liability for the allegedly improper foreclosure of their home arose out of the same transaction such that the husband's suit was barred by res judicata when the defendant was granted summary judgment in the first suit.

Here, Plaintiff's current case and the prior action assert claims related to the allegedly improper foreclosure of her home. The prior action asserted claims based on several federal laws enacted in the wake of the foreclosure crisis, (Prior Action, Rec. Doc. 1), while the current suit raises contract law claims, as well as claims based on federal and state consumer protection laws. (Rec. Doc. 3). While the claims brought in these actions are slightly different, both suits arise out of the same transaction, the mortgage and foreclosure of Plaintiff's home. As such, the Fifth Circuit's transactional test is met and the same claim or cause of action is involved in both the prior action and the current action. Plaintiff's claims against Defendants must therefore be dismissed as barred by res judicata.

## IV.     CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Defendant's Motion to Dismiss Based on Res Judicata" (Rec. Doc. 14) is GRANTED**.

New Orleans, Louisiana, this 1st day of February 2012.

**KURT D. ENGELHARDT**

**United States District Judge**